**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:18-cv-01004-RM-MEH

TRAVIS JAMES MATTHEWS,

    Plaintiff,

v.

DARCY KOFOL,
GEORGE BRAUCHLER,
BLAKE SCHNITKER,
NICOLA GESI, and
WILLIAM WARREN, individually and in their official capacities,

    Defendants.

---

## ORDER
---

This matter is before the Court on the February 5, 2020, recommendation of United States Magistrate Judge Michael E. Hegarty (ECF No. 120) to grant Defendants' motions to dismiss (ECF Nos. 104, 106). The recommendation advised the parties that specific written objections were due within fourteen days of being served with a copy of the recommendation. (ECF No. 120 at 2 n.2.) The time to object has expired, and only Defendants Schnitker, Gesi, and Warren (the "DEA Defendants") have responded by filing a partial objection to the recommendation. (ECF No. 121.) The partial objection does not argue that the DEA Defendants' motion to dismiss should not be granted; rather, it argues that there are additional reasons for granting the motion that the magistrate judge rejected or failed to consider. For the

reasons below, the Court overrules the objection, accepts in part and rejects in part the recommendation, and grants the motions to dismiss.

According to the complaint, Plaintiff was a confidential informant who worked with the DEA Defendants to apprehend drug traffickers. He alleges that Defendants Brauchler and Kofol (the "DA Defendants") disclosed his identify to a target of one of their operations, placing his life at risk. He further contends that Defendants continued to work with him despite failing to warn him that his identity had been compromised, which caused him to be assaulted and shot by gang members and his boyfriend to be murdered.

Plaintiff asserts two claims under 42 U.S.C. § 1983 against all Defendants—one for state created danger ("Claim One") and another for deliberate indifference and/or failure to supervise ("Claim Two"). Both the DA Defendants and the DEA Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6) on various grounds, including that they were entitled to qualified immunity. The DEA Defendants also moved to dismiss under Fed. R. Civ. P. 12(b)(1), arguing that Plaintiff could not bring a § 1983 claim against them because he failed to allege adequately that they engaged in state action. The Court referred the motions to dismiss to the magistrate judge. After the motions were fully briefed, the magistrate judge issued the recommendation to grant them both.

The magistrate judge first determined that the Court had jurisdiction under 28 U.S.C. § 1343 to address the claims against the DEA Defendants. Construing Claim One as a claim for violations of substantive due process against all Defendants in their individual capacities, the magistrate judge then determined that Defendants were entitled to qualified immunity because Plaintiff failed to show that their conduct violated his clearly established rights. Construing

Claim Two as a claim for municipal liability, the magistrate judge determined that Plaintiff had conceded his municipal liability claims against the DA Defendants should be dismissed.  The magistrate judge also determined that Plaintiff's failure to establish violations of his clearly established rights by the DEA Defendants precluded his claim for municipal liability against them.  Finally, the magistrate judge recommended that Plaintiff's request for leave to amend should be denied because the deficiencies in his claims could not be cured by amendment.

With the exception of the magistrate judge's first determination regarding §1343 jurisdiction, no party objected to the determinations in the recommendation.  "In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).  The Court discerns no clear error in the record and finds that the magistrate judge's substantive analysis of Plaintiff's claims provides a sound basis to grant the motions to dismiss.

However, the Court rejects as unnecessary the magistrate judge's initial determination with respect to § 1343 jurisdiction.  As noted by the magistrate judge, Plaintiff asserts jurisdiction under both § 1343 and 28 U.S.C. § 1331 in this case.  Where a plaintiff asserts jurisdiction *only* under § 1343, the state action requirement is a jurisdictional prerequisite. *See Elliott v. Chrysler Fin.*, 149 F. App'x 766, 767-68 (10th Cir. 2005) (unpublished).  But "[o]rdinarily, § 1983 plaintiffs assert federal question jurisdiction under 28 U.S.C. § 1331, and the state action requirement is treated only as an element of the claim." *Id.* at 768 (citation omitted).  That is the case here, and because jurisdiction clearly exists under § 1331, the magistrate judge's findings with respect to § 1343 are unnecessary. *See Mehdipour v. Matthews*, 386 F. App'x 775, 778 n.3 (10th Cir. 2010) (unpublished) (stating that "a plaintiff's failure to

3

properly allege a 'state action' in a § 1983 complaint strips the district court of subject matter jurisdiction only if jurisdiction is alleged under 28 U.S.C. § 1343(3)"). Accordingly, the Court rejects that portion of the recommendation.

In their partial objection, the DEA Defendants also argue that an additional basis exists for dismissing the municipal liability claim against them. Because the Court has already found that the recommendation provides sufficient grounds for granting the motions to dismiss and no party has objected to those grounds, the Court need not consider this additional argument further.

Therefore, the Court OVERRULES the DEA Defendants' partial objection (ECF No. 121), ACCEPTS IN PART and REJECTS IN PART the recommendation (ECF No. 120), as stated herein, and GRANTS Defendants' motions to dismiss (ECF Nos. 104, 106). The Clerk is directed to CLOSE this case.

DATED this 24th day of February, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge